IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MANDRIEZ SPIVEY,** | : | |
| Plaintiff | : | |
| | : | No. 1:22-cv-0596 |
| v. | : | |
| | : | (Judge Rambo) |
| **WARDEN EBBERT,** *et al.*, | : | |
| Defendants | : | |

# MEMORANDUM

In April 2022, *pro se* Plaintiff Mandriez Spivey, who was previously incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania (USP Lewisburg), initiated the above-captioned action under 42 U.S.C. § 1983. (Doc. No. 1.) He asserts constitutional tort claims against two named and six unidentified USP Lewisburg officials. (*Id.* at 2-4.) Spivey's claims, however, appear to be barred by the statute of limitations. The Court will therefore order Spivey to show cause as to why his complaint should not be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**I.    BACKGROUND**

Spivey initially filed this civil rights complaint in the United States District Court for the Middle District of Georgia. (*See generally* Doc. Nos. 1-6.) That court transferred the case to the Middle District of Pennsylvania, the judicial district where USP Lewisburg is located. (*See* Doc. No. 6 at 2.) Spivey appears to assert claims

sounding in excessive force, failure to protect, deliberate indifference to serious medical needs, retaliation, and conspiracy. (*See* Doc. No. 1 at 8, 12-18.)

Initially, the Court recognizes that all Defendants—either identified or unidentified—are prison officials at USP Lewisburg, which is a federal facility. Spivey, therefore, cannot bring claims against them under 42 U.S.C. § 1983, as that statute is meant to remedy deprivations of federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983; *Mack v. Warden Loretto FCI*, 839 F.3d 286, 302 (3d Cir. 2016). It is possible that some of Spivey's claims could be cognizable under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The Court, however, need not make such a determination at this time. Instead, Spivey must explain why his claims are not time-barred.

## II.  DISCUSSION

A *Bivens* claim, like an action under 42 U.S.C. § 1983, is characterized as a personal injury claim and therefore federal courts "must look to the most analogous state statute of limitations." *See Napier v. Thirty or More Unidentified Fed. Agents, Emps. or Officers*, 855 F.2d 1080, 1087 n.3 (3d Cir. 1988); *Voneida v. Stoehr*, 512 F. App'x 219, 221 (3d Cir. 2013) (nonprecedential) (explaining that Section 1983 and *Bivens* claims arising in the Commonwealth are both "governed by 42 PA. CONS. STAT. § 5524[(7)], Pennsylvania's two-year statute of limitations for tort actions").

2

In Pennsylvania, personal injury claims are generally subject to a two-year statute of limitations. *See* 42 PA. CONS. STAT. ANN. § 5524(7); *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). Furthermore, a District Court can raise the timeliness issue *sua sponte* at the screening stage if—on the face of the complaint—the allegations "show that relief is barred by the applicable statute of limitations." *See Jones v. Bock*, 549 U.S. 199, 215 (2007); *Whitenight v. Pa. State Police*, 674 F. App'x 142, 144 (3d Cir. 2017) (nonprecedential) (collecting cases); *Paluch v. Sec'y Pa. Dep't of Corr.*, 442 F. App'x 690, 693 n.2 (3d Cir. 2011) (nonprecedential) ("Although the statute of limitations applicable to [civil rights] actions is an affirmative defense, which may be waived by the defendant, it is appropriate to dismiss sua sponte under § 1915(e)(2) a complaint whose untimeliness is apparent from the face of the record.") (citing *Jones*, 549 U.S. at 215).

From the face of Spivey's complaint, it appears that his claims are time-barred. Spivey specifically states that the events giving rise to his claims occurred at USP Lewisburg "[f]rom 2014 till 2017." (Doc. No. 1 at 6.) Moreover, when he provides specific dates for the alleged incidents, those dates are from 2015 to 2016. (*Id.* at 16-17). Accordingly, Spivey's claims accrued from 2014 to 2017, as the facts alleged demonstrate that Spivey "knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del. Inc., v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998). The two-year statute of limitations for those claims

appears to have expired, at the very latest, in 2019 (and likely earlier for some of his claims that accrued in 2015 and 2016).

Nothing in Spivey's complaint indicates that the two-year statute of limitations would be tolled pursuant to equitable tolling, the discovery rule, or any other basis to extend the limitations period. *See Soumphonphakdy v. Walilko*, 808 F. App'x 59, 60 (3d Cir. 2020) (nonprecedential) (explaining that district courts should not *sua sponte* dismiss civil rights actions on statute-of-limitations grounds unless it is apparent from the face of the complaint that there is no valid basis for tolling). Spivey's claims involve allegations of discrete, obvious civil rights violations, like being beaten by corrections officers, being denied medical care when requested, being forced to fight other inmates, and being shackled too tightly. Such serious and conspicuous civil rights violations would have put Spivey on notice that his claims had accrued and his two-year clock in which to file a lawsuit had begun to run.

In sum, any *Bivens* claim Spivey is asserting against USP Lewisburg officials appears to be long-since barred by the applicable statute of limitations. *See* 42 PA. CONS. STAT. ANN. § 5524(7). However, out of an abundance of caution, the Court will provide Spivey with "notice and an opportunity to be heard" on the statute-of-limitations issue and whether any basis for tolling exists. *See Soumphonphakdy*, 808 F. App'x at 60.

## III. CONCLUSION

Based on the foregoing, the Court will order Spivey to show cause as to why his complaint (Doc. No. 1) should not be dismissed as time-barred pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). An appropriate Order follows.

s/ Sylvia H. Rambo  
United States District Judge

Dated: May 13, 2022