IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MANDRIEZ SPIVEY,  Plaintiff | : : : | |
| v. | : : | No. 1:22-cv-0596 |
| WARDEN EBBERT, *et al.*,  Defendants | : : : | (Judge Rambo) |

## MEMORANDUM

In April 2022, *pro se* Plaintiff Mandriez Spivey, who was previously incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania (USP Lewisburg), initiated the above-captioned action under 42 U.S.C. § 1983. (Doc. No. 1.) He asserts constitutional tort claims against two named and six unidentified USP Lewisburg officials. Spivey's claims, however, are plainly barred by the statute of limitations and Spivey has provided no basis for tolling. The Court will therefore dismiss his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

I.  BACKGROUND

Spivey initially filed this civil rights complaint in the United States District Court for the Middle District of Georgia on April 11, 2022. (*See generally* Doc. Nos. 1-6.) That court transferred the case to the Middle District of Pennsylvania, the judicial district where USP Lewisburg is located. (*See* Doc. No. 6 at 2.) Spivey appears to assert claims sounding in excessive force, failure to protect, deliberate

indifference to serious medical needs, retaliation, and conspiracy. (*See* Doc. No. 1 at 8, 12-18.)

Initially, the Court recognizes that all Defendants—either identified or unidentified—are prison officials at USP Lewisburg, which is a federal facility. Spivey, therefore, cannot bring claims against them under 42 U.S.C. § 1983, as that statute is meant to remedy deprivations of federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983; *Mack v. Warden Loretto FCI*, 839 F.3d 286, 302 (3d Cir. 2016). It is possible that some of Spivey's claims could be cognizable under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The Court, however, need not make such a determination because any *Bivens* claim Spivey seeks to assert is time-barred.

## II. DISCUSSION

A *Bivens* claim, like an action under 42 U.S.C. § 1983, is characterized as a personal injury claim and therefore federal courts "must look to the most analogous state statute of limitations." *See Napier v. Thirty or More Unidentified Fed. Agents, Emps. or Officers*, 855 F.2d 1080, 1087 n.3 (3d Cir. 1988); *Voneida v. Stoehr*, 512 F. App'x 219, 221 (3d Cir. 2013) (nonprecedential) (explaining that Section 1983 and *Bivens* claims arising in the Commonwealth are both "governed by 42 PA. CONS. STAT. § 5524[(7)], Pennsylvania's two-year statute of limitations for tort actions").

In Pennsylvania, personal injury claims are generally subject to a two-year statute of limitations. *See* 42 PA. CONS. STAT. ANN. § 5524(7); *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). Furthermore, a District Court can raise the timeliness issue *sua sponte* at the screening stage if—on the face of the complaint—the allegations "show that relief is barred by the applicable statute of limitations." *See Jones v. Bock*, 549 U.S. 199, 215 (2007); *Whitenight v. Pa. State Police*, 674 F. App'x 142, 144 (3d Cir. 2017) (nonprecedential) (collecting cases); *Paluch v. Sec'y Pa. Dep't of Corr.*, 442 F. App'x 690, 693 n.2 (3d Cir. 2011) (nonprecedential) ("Although the statute of limitations applicable to [civil rights] actions is an affirmative defense, which may be waived by the defendant, it is appropriate to dismiss sua sponte under § 1915(e)(2) a complaint whose untimeliness is apparent from the face of the record.") (citing *Jones*, 549 U.S. at 215).

From the face of Spivey's complaint, it is clear that his claims are well past the statute of limiations. Spivey specifically states that the events giving rise to his claims occurred at USP Lewisburg "[f]rom 2014 till 2017." (Doc. No. 1 at 6.) Moreover, when he provides specific dates for the alleged constitutional torts, those dates are from 2015 to 2016. (*Id.* at 16-17). Accordingly, Spivey's claims accrued from 2014 to 2017, as the facts alleged demonstrate that Spivey "knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del. Inc., v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998). The two-year statute

of limitations for those claims appears to have expired, at the very latest, in 2019 (and likely earlier for any claims that accrued in 2014, 2015, and 2016).

Nothing in Spivey's complaint indicates that the two-year statute of limitations would be tolled pursuant to equitable tolling, the discovery rule, or any other basis to extend the limitations period. *See Soumphonphakdy v. Walilko*, 808 F. App'x 59, 60 (3d Cir. 2020) (nonprecedential) (explaining that district courts should not *sua sponte* dismiss civil rights actions on statute-of-limitations grounds unless it is apparent from the face of the complaint that there is no valid basis for tolling). Spivey alleges discrete, obvious civil rights violations, like being beaten by corrections officers, being denied medical care when requested, being forced to fight other inmates, and being shackled too tightly. Such serious and conspicuous violations would have put Spivey on notice that his claims had accrued and that his two-year clock in which to file a lawsuit had begun to run.

Nevertheless, the Court, out of an abundance of caution, provided Spivey with "notice and an opportunity to be heard" on the statute-of-limitations issue and whether any basis for tolling exists. (*See* Doc. No. 13); *Soumphonphakdy*, 808 F. App'x at 60. In his response, Spivey claims that his lawsuit was not timely filed because he was denied the administrative remedy process, he was "caught inside the COVID-19 issue," and because his treatment is "a continuing wrong violation." (Doc. No. 17 at 1-3.) None of these arguments has merit.

4

As explained above, Spivey's claims accrued from 2014 to 2017, as the blatant constitutional violations alleged demonstrate that he "knew or should have known of the injury upon which [his] action is based." *Sameric Corp.*, 142 F.3d at 599. Spivey first argues that he attempted to file administrative remedies but was denied the administrative remedy process at USP Lewisburg and other BOP facilities. (Doc. No. 17 at 1-2.) This argument, however, does not excuse the nearly *five-year* delay in bringing suit. If, as Spivey claims, he was effectively denied the administrative remedy process for years, he could simply proceed to filing a lawsuit in federal court and assert that administrative exhaustion should be excused due to the remedy process being unavailable. *See Rinaldi v. United States*, 904 F.3d 257, 266 (3d Cir. 2018) (explaining that proper exhaustion means exhaustion of "available" remedies only, and describing circumstances where remedies could be unavailable, including where "prison administrators thwart inmates from taking advantage of a grievance process" (quoting *Ross v. Blake*, 578 U.S. 632, 644 (2016))).[1]

Spivey next maintains that he was impeded by the COVID-19 pandemic and because "all of the U.S. shut down." (Doc. No. 17 at 2.) This argument also fails.

---

[1] Even in the extremely unlikely event that the statute of limitations for Spivey's claims was tolled during the entirety of his incarceration based on attempting to exhaust administrative remedies, Spivey was released from prison on April 1, 2020, and did not file the instant lawsuit until April 11, 2022. As such, his lawsuit would still be untimely. *See* https://bop.gov/inmateloc/ (search results for Mandriez Ramon Spivey, BOP Register Number 94155-020) (last visited August 2, 2022).

The COVID-19 pandemic did not begin until 2020—*three years* after the latest of his claims accrued.  Moreover, the pandemic did not stop delivery of the mail or prison mail.  Indeed, numerous prisoner lawsuits were filed in this Court during the height of the COVID-19 pandemic.

Spivey's final argument is that his injuries are a "continuing wrong violation," apparently attempting to employ the "continuing wrong" doctrine to toll the statute of limitations.  Spivey's reliance on this doctrine is misplaced.  Under the "continuing wrong" doctrine, "a federal cause of action based upon the defendant's continuing conduct is timely provided that the last act of that continuing conduct is within the period for the commencement of an action specified by the statute of limitations." *Sameric Corp.*, 142 F.3d at 599.  When applying this doctrine, the court must focus "on the affirmative acts of the defendant." *Id.*

Spivey's complaint, to the contrary, alleges specific unlawful incidents by USP Lewisburg prison-official defendants that ended in 2017. Spivey's claims (*e.g.*, being beaten by corrections officers, being denied medical care when requested, being forced to fight other inmates, being shackled too tightly) represent discrete, singular events that would constitute separate constitutional torts.  Even if those alleged wrongs by USP Lewisburg officials could somehow be construed as related, continuing events, they ended, at the very latest, in 2017.  They did not continue when Spivey was transferred to other federal prisons.  (*See* Doc. No. 17 at 1

6

(explaining that he was "shipped to" USP Lee, FDC Miami, and FMC Butner following his imprisonment at USP Lewisburg).) Accordingly, the "continuing wrong" doctrine does not apply to toll the statute of limitations for Spivey's claims.

In sum, any *Bivens* claim Spivey is asserting against USP Lewisburg officials is long-since barred by the applicable statute of limitations. Spivey has identified no basis for tolling that limitations period. His complaint, therefore, must be dismissed.

### III. CONCLUSION

Based on the foregoing, the Court will dismiss with prejudice Spivey's complaint (Doc. No. 1) as time-barred pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). An appropriate Order follows.

s/ Sylvia H. Rambo<br>
United States District Judge

Dated: August 2, 2022